CLERK USDC EDWI
FILED

2026 MAY -5 P 4: 37

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                      Case No. 26-CR- **26-CR-094**

SAMUEL P. STAIR,
JEANETTE LOPEZ,
RUSSELL V. MCDADE, SR., a.k.a. "Ro"
WALTER J. RINGERSMA,
LAURA F. KNEZIC,
JAVARIUS J. WILLIAMS, a.k.a. "G,"          [18 U.S.C §§ 2(a), 922(g)(1),
STACEY L. BERRY,                            924(a)(8), 924(c), 1956(h),
ALBERTO L. BOFFIL, JR.,                     & 1956(a); 21 U.S.C. §§
CRISTAL F. NOKES,                           841(a)(1), 841(b)(1)(A),
WESLEY R. BYNUM, a.k.a. "SLIM,"             841(b)(1)(B), 841(b)(1)(C),
VICTORIA T. ALLEN,                          846, 856(a)(1), & 856(a)(2)]
KERRY HOWELL, SR.,
JERMAINE ERVING,
OTIS LOCKETT,
MARTIN L. SINCLAIR,
SER JIMMY L. SHEPHERD,
LARRY A. SHEPHERD, and
SHAEERAH J. MCKAY,

Defendants.

## INDICTMENT

### Background Allegations Common to all Counts

**THE GRAND JURY CHARGES THAT:**

1.      At all times material to this indictment:

   a.      Samuel P. Stair operated S2 Real Estate through forty-three limited

liability companies, as referenced in the Forfeiture Findings of this Indictment.

b. Stair is the registered agent of each LLC.

c. The principal address and registered agent office for each is Stair's personal residence.

d. Each of the LLCs existed primarily, if not entirely, to hold real property assets.

e. Stair operated S2 Real Estate from the real property at 2925 West Lincoln Avenue, Milwaukee, Wisconsin, 53215.

f. The primary purpose of Stair's business was to hold and rent real property as a landlord and property manager.

g. In running the LLCs above, Stair utilized Bank Accounts at Bank 1, including:

   i. account ending in x2329, held under S2 Real Estate Group 2 LLC; and

   ii. account ending in x8215, held under S2 Real Estate Group 2 LLC.

h. In running the LLCs above, Stair utilized Bank Accounts at Bank 2, including:

   i. account ending in x8151, operating under Sam P. Stair; and

   ii. account ending in x0260, operating under Sam P. Stair.

i. Stair's books and records were primarily kept on a property management program called AppFolio, which was used to track and collect, among other things, rent payments and security deposits.

j. Stair routinely transferred funds from AppFolio into the accounts held at Banks 1 and 2.

k. Stair transferred funds between the accounts in Banks 1 and 2.

l.  Stair deposited and transferred proceeds from the controlled-substance offenses described below into the Accounts at Bank 1 and Bank 2. These proceeds, which included payments made by individuals like McDade for the purpose of renting properties to engage in drug trafficking, were comingled with payments received from legitimate sources.

m.  By representing himself as a property owner and legitimate "landlord," Stair was in a position to obtain advance notice of investigations at the properties owned by his LLCs and was to evade detection when law enforcement investigated individuals engaging in drug trafficking at properties owned and operated by Stair.

n.  Stair utilized the air of legitimacy created by S2 Real Estate and its related LLCs to conceal the nature of his criminal conduct and the source, ownership, and control of the proceeds of his and others unlawful activity by, among other things, disguising drug trafficking proceeds as income derived from the business's legitimate income.

o.  Stair utilized his real estate business, and its related LLCs to facilitate the drug trafficking and money laundering offenses charged herein.

<u>**COUNT ONE**</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

Beginning in at least May 2024 and continuing until in or about April 2026, in the State and Eastern District of Wisconsin and elsewhere,

**SAMUEL P. STAIR and**
**JEANETTE LOPEZ**

knowingly and intentionally conspired with each other and others, known and unknown to the Grand Jury, to make a place available for use, with or without compensation, for the purpose of unlawfully storing, using, and distributing a controlled substance.

All in violation of Title 21, United States Code, Sections 846 and 856(a)(2), and Title 18, United States Code, Section 2(a).

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      Beginning in at least May 2024 and continuing until in or about April 2026, in the State and Eastern District of Wisconsin, Northern District of Illinois, and elsewhere,

**SAMUEL P. STAIR,**
**JEANETTE LOPEZ,**
**RUSSELL V. MCDADE, SR., a.k.a. "Ro"**
**WALTER J. RINGERSMA,**
**LAURA F. KNEZIC,**
**JAVARIUS J. WILLIAMS, a.k.a. "G,"**
**STACEY L. BERRY,**
**ALBERTO L. BOFFIL, JR.,**
**CRISTAL F. NOKES,**
**WESLEY R. BYNUM, a.k.a. "SLIM,"**
**VICTORIA T. ALLEN,**
**KERRY HOWELL, SR., and**
**JERMAINE ERVING**

knowingly and intentionally conspired with each other and with persons known and unknown to the grand jury to possess with intent to distribute and distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

2.      The amount of controlled substances involved in the conspiracy attributed to each defendant as a result of his and her own conduct, and the conduct of other conspirators reasonably foreseeable to each of them, included 400 grams or more of a mixture and substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance; and 500 grams or more of a mixture and substance containing cocaine, a Schedule II controlled substance.

3.      Before committing the offense charged in this count, Russell V. McDade, Sr. had a final conviction for a serious drug felony, namely, Possession with Intent to Distribute Cocaine under Wisconsin Statute Sections 961.41(1m)(cm)1r, in Milwaukee County case 2007CF005564,

for which he served more than 12 months' imprisonment, and his release from his term of imprisonment was within 15 years of the commencement of the instant offense.

4. Before committing the offense charged in this count, Stacey L. Berry had two final convictions for serious drug felonies, namely Manufacturing/Delivering Schedule I, II Narcotics (conspiracy to commit) under Wisconsin Statute Sections 961.41(1)(a) and 961.41(1x) in Milwaukee County case 2012CF000241, for which she served more than 12 months' imprisonment; and Manufacturing/Delivering Schedule 1, II Narcotics and Possession with Intent to Deliver Narcotics under Wisconsin Statute Sections 961.41(1)(a) and 961.41(1m)(a) in Milwaukee County Case 2012CF001450, for which she served more than 12 months' imprisonment. Berry's release from the terms of imprisonment for both prior offenses was within 15 years of the commencement of the instant offense.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 846, and Title 18, United States Code, Section 2(a).

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

Between at least in or about May 2024 and on or about April 22, 2026, in the State and Eastern District of Wisconsin,

**RUSSELL V. MCDADE, SR., a.ka. "Ro" and
WESLEY BYNUM, a.k.a. "Slim"**

did unlawfully and knowingly use and maintain a place located at 7xx/7xx South 12th Street, Milwaukee, Wisconsin, for the purpose of distributing, and using a mixture and substance containing cocaine, a Schedule II controlled substance; and N-phenyl-N-[1- ( 2-phenylethyl ) -4-piperidinyl] propanamide (fentanyl), Schedule II controlled substance.

In violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2(a).

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

1. On or about April 22, 2026, in the State and Eastern District of Wisconsin,

**WESLEY BYNUM,**

knowing he previously had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms which, prior to his possession of them, had been transported in interstate commerce, the possession of which was therefore in and affecting commerce.

2. The firearms are more fully described as a Taurus G2C 9mm, bearing serial number ABM222418; and a Smith and Wesson M&P 9mm Shield EZ, bearing serial number RHN5292.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Between at least in or about September 2024 and continuing through in or about September 2025, in the State and Eastern District of Wisconsin,

**SAMUEL P. STAIR and
JEANETTE LOPEZ**

managed and controlled a place, the residence located at XX12 South 21st Street, Milwaukee, Wisconsin, as the owner, lessee, employee, occupant, and mortgagee.

2. The defendants knowingly and intentionally rented, leased, profited from, and made the place available for use, with or without compensation, for the purpose of unlawfully storing, using, and distributing a controlled substance.

All in violation of Title 21, United States Code, Section 856(a)(2) and Title 18, United States Code, Section 2(a).

<h1 style="text-align:center">COUNT SIX</h1>

**THE GRAND JURY FURTHER CHARGES THAT:**

Between at least in or about September 2024 and on or about September 2025, in the State and Eastern District of Wisconsin,

**RUSSELL V. MCDADE, SR., a.k.a., "Ro" and
STACEY L. BERRY**

did unlawfully and knowingly use and maintain a place located at XX12 South 21st Street, Milwaukee, Wisconsin, for the purpose of distributing and using a controlled substance.

In violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2(a).

**COUNT SEVEN**

**THE GRAND JURY FURTHER CHARGES THAT:**

1. On or about March 27, 2025, in the State and Eastern District of Wisconsin,

**RUSSELL V. MCDADE, SR., a.k.a. "Ro"**

knowingly distributed a mixture and substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule I controlled substance.

2. Before committing the offense charged in this count, Russell V. McDade, Sr. had a final conviction for a serious drug felony, namely, Possession with Intent to Distribute Cocaine under Wisconsin Statute Sections 961.41(1m)(cm)1r, in Milwaukee County case 2007CF005564, for which he served more than 12 months' imprisonment, and his release from his term of imprisonment was within 15 years of the commencement of the instant offense.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2(a).

<u>**COUNT EIGHT**</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

1. On or about September 23, 2025, in the State and Eastern District of Wisconsin,

**JAVARIUS J. WILLIAMS, a.k.a. "G," and**
**STACEY L. BERRY**

knowingly and intentionally possessed with intent to distribute a mixture and substance containing N-phenyl-N-[1- ( 2-phenylethyl ) -4-piperidinyl] propanamide (fentanyl), a Schedule I controlled substance; and cocaine, a Schedule II controlled substance.

2. Before committing the offense charged in this count, Stacey L. Berry had two final convictions for serious drug felonies, namely Manufacturing/Delivering Schedule I, II Narcotics (conspiracy to commit) under Wisconsin Statute Sections 961.41(1)(a) and 961.41(1x) in Milwaukee County case 2012CF000241, for which she served more than 12 months' imprisonment and Manufacturing/Delivering Schedule 1, II Narcotics and Possession with Intent to Deliver Narcotics under Wisconsin Statute Sections 961.41(1)(a) and 961.41(1m)(a) in Milwaukee County Case 2012CF001450, for which she served more than 12 months' imprisonment. Berry's release from the terms of imprisonment for both prior offenses was within 15 years of the commencement of the instant offense.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2(a).

<u>**COUNT NINE**</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about September 23, 2025, in the State and Eastern District of Wisconsin,

**JAVARIUS J. WILLIAMS, a.k.a. "G," and
STACEY L. BERRY**

knowingly possessed a firearm in furtherance of the drug trafficking offense charged in Count

Eight of this Indictment.

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2(a).

## COUNT TEN

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      Between at least in or about May 2025 and in or about October 2025, in the State and Eastern District of Wisconsin,

**SAMUEL P. STAIR and**
**JEANETTE LOPEZ**

managed and controlled a place, the residence located at 14XX West Greenfield, Milwaukee, Wisconsin, as the owner, lessee, employee, occupant, and mortgagee.

2.      The defendants knowingly and intentionally rented, leased, profited from, and made the place available for use, with or without compensation, for the purpose of unlawfully storing, using, and distributing a controlled substance.

All in violation of Title 21, United States Code, Section 856(a)(2) and Title 18, United States Code, Section 2(a).

## COUNT ELEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

Between at least in or about May 2025 and in or about October 2025, in the State and Eastern District of Wisconsin,

**RUSSELL V. MCDADE, SR., a.k.a., "Ro"**

did unlawfully and knowingly use and maintain a place located at XX25 West Greenfield Avenue, Milwaukee, Wisconsin, for the purpose of distributing, and using a controlled substance.

In violation of Title 21, United States Code, Section 856(a)(1).

## COUNT TWELVE

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      On or about May 20, 2025, in the State and Eastern District of Wisconsin,

**RUSSELL V. MCDADE, SR., a.k.a. "Ro"**

knowingly distributed a mixture and substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule I controlled substance.

2.      Before committing the offense charged in this count, Russell V. McDade, Sr. had a final conviction for a serious drug felony, namely, Possession with Intent to Distribute Cocaine under Wisconsin Statute Sections 961.41(1m)(cm)1r, in Milwaukee County case 2007CF005564, for which he served more than 12 months' imprisonment, and his term of imprisonment was within 15 years of the commencement of the instant offense.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT THIRTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      On or about October 14, 2025, in the State and Eastern District of Wisconsin,

**RUSSELL V. MCDADE, SR., a.k.a., "Ro"**

knowingly and intentionally possessed with intent to distribute 40 grams or more of a mixture and substance containing N-phenyl-N-[1- ( 2-phenylethyl ) -4-piperidinyl] propanamide (fentanyl), a Schedule I controlled substance; and a mixture and substance containing cocaine, a Schedule II controlled substance.

2.      Before committing the offense charged in this count, Russell V. McDade, Sr. had a final conviction for a serious drug felony, namely, Possession with Intent to Distribute Cocaine under Wisconsin Statute Sections 961.41(1m)(cm)1r, in Milwaukee County case 2007CF005564, for which he served more than 12 months' imprisonment, and his term of imprisonment was within 15 years of the commencement of the instant offense.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C).

## COUNT FOURTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about October 14, 2025, in the State and Eastern District of Wisconsin,

**RUSSELL V. MCDADE, SR., a.k.a., "Ro"**

knowingly possessed a firearm in furtherance of the drug trafficking offense charged in Count Thirteen of this Indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT FIFTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

1.     On or about October 14, 2025, in the State and Eastern District of Wisconsin,

**RUSSELL V. MCDADE, SR., a.k.a., "Ro"**

knowing he previously had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms which, prior to his possession of them, had been transported in interstate commerce, the possession of which was therefore in and affecting commerce.

2.     The firearms are more fully described as a Palmetto Dagger Compact 9mm semi-automatic handgun, bearing serial number FG013185; and a Phoenix Arms "Raven," .25 caliber semi-automatic handgun, bearing serial number 3101404.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

<h1 style="text-align:center">COUNT SIXTEEN</h1>

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about January 16, 2025, in the State and Eastern District of Wisconsin,

<strong>ALBERTO L. BOFFIL, JR.</strong>

knowingly and intentionally possessed with intent to distribute a mixture and substance containing

cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SEVENTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about January 16, 2025, in the State and Eastern District of Wisconsin,

**ALBERTO L. BOFFIL, JR.**

knowingly possessed a firearm in furtherance of the drug trafficking offense charged in Count Sixteen of this Indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

<u>**COUNT EIGHTEEN**</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      On or about March 19, 2025, in the State and Eastern District of Wisconsin,

**RUSSELL V. MCDADE, SR., a.k.a. "Ro" and**
**WALTER J. RINGERSMA**

knowingly and intentionally possessed with intent to distribute 500 grams or more of a mixture

and substance containing cocaine, a Schedule II controlled substance.

2.      Before committing the offense charged in this count, Russell V. McDade, Sr. had

a final conviction for a serious drug felony, namely, Possession with Intent to Distribute Cocaine

under Wisconsin Statute Sections 961.41(1m)(cm)1r, in Milwaukee County case 2007CF005564,

for which he served more than 12 months' imprisonment, and his term of imprisonment was

within 15 years of the commencement of the instant offense.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and

Title 18, United States Code, Section 2(a).

## COUNT NINETEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      On or about April 22, 2026, in the State and Eastern District of Wisconsin and the State and Northern District of Illinois,

**RUSSELL V. MCDADE, SR., a.k.a., "Ro" and**
**JERMAINE ERVING**

knowingly and intentionally possessed with intent to distribute 400 grams or more of a mixture and substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule I controlled substance.

2.      Before committing the offense charged in this count, Russell V. McDade, Sr. had a final conviction for a serious drug felony, namely, Possession with Intent to Distribute Cocaine under Wisconsin Statute Sections 961.41(1m)(cm)1r, in Milwaukee County case 2007CF005564, for which he served more than 12 months' imprisonment, and his term of imprisonment was within 15 years of the commencement of the instant offense.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2(a).

## <u>COUNT TWENTY</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about April 22, 2026, in the State and Eastern District of Wisconsin and the State and Northern District of Illinois,

**JERMAINE ERVING**

knowingly possessed a firearm in furtherance of the drug trafficking offenses charged in Counts One and Nineteen of this Indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

<u>**COUNT TWENTY-ONE**</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Between at least in or about January 2026 and in or about April 2026, in the State and Eastern District of Wisconsin,

**SAMUEL P. STAIR and
JEANETTE LOPEZ**

managed and controlled a place, the residence located at XX3 N. 36th Street, Milwaukee, Wisconsin, as the owner, lessee, employee, occupant, and mortgagee.

2. Stair and Lopez knowingly and intentionally rented, leased, profited from, and made the place available for use, with or without compensation, for the purpose of unlawfully storing, using, and distributing a controlled substance.

All in violation of Title 21, United States Code, Section 856(a)(2) and Title 18, United States Code, Section 2(a).

## COUNT TWENTY-TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

Between at least in or about January 2026 and continuing through in or about April 2026, in the State and Eastern District of Wisconsin,

**JEANETTE LOPEZ and
OTIS LOCKETT**

did unlawfully and knowingly use and maintain a place located at XX3 N. 36th Street, Milwaukee, Wisconsin, for the purpose of distributing and using a controlled substance.

In violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2(a).

<u>**COUNT TWENTY-THREE**</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

1.  Beginning at least in or about January 2025 and continuing until in or about April 2026, in the State and Eastern District of Wisconsin and elsewhere,

**SAMUEL P. STAIR,**
**JEANETTE LOPEZ, and**
**OTIS LOCKETT,**

knowingly and intentionally conspired with each other and others, known and unknown to the Grand Jury, to possess with the intent to distribute and to distribute in violation of Title 21, United States Code, Section 841(a)(1).

2.  With respect to defendant Samuel P. Stair, the controlled substances involved in the conspiracy attributable to Stair as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, includes a mixture or substance containing methamphetamine, a Schedule II controlled substance; a mixture and substance containing cocaine, a Schedule II controlled substance; and a mixture and substance containing cocaine base, a Schedule II controlled substance.

3.  With respect to defendants Jeanette Lopez and Otis Lockett, the amount of controlled substances involved in the conspiracy attributable to each defendant as a result of his or her own conduct, and the conduct of other conspirators reasonably foreseeable to him or her, includes 50 grams or more of a mixture or substance containing methamphetamine, a Schedule II controlled substance; 500 grams or more of a mixture and substance containing cocaine, a Schedule II controlled substance; and 28 grams or more of a mixture and substance containing cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 846, 841(b)(1)(B), and 841(b)(1)(C), and Title 18, United States Code, Section 2(a).

<u>**COUNT TWENTY-FOUR**</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about April 22, 2026, in the State and Eastern District of Wisconsin,

**JEANETTE LOPEZ and
OTIS LOCKETT**

knowingly and intentionally possessed with intent to distribute 28 grams or more of a mixture and

substance containing cocaine base, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title

18, Untied States Code, Section 2(a).

<u>**COUNT TWENTY-FIVE**</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about April 22, 2026, in the State and Eastern District of Wisconsin,

**JEANETTE LOPEZ and**
**OTIS LOCKETT**

knowingly possessed a firearm in furtherance of the drug trafficking offenses charged in Counts

Twenty-Three and Twenty-Four of this Indictment.

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2(a).

<u>**COUNT TWENTY-SIX**</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      On or about April 22, 2026, in the State and Eastern District of Wisconsin,

**OTIS LOCKETT,**

knowing he previously had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms which, prior to his possession of them, had been transported in interstate commerce, the possession of which was therefore in and affecting commerce.

2.      The firearms are more fully described as follows:

    a.    a Glock 19 9mm Gen 5 semi-automatic pistol, bearing serial number CCKB551;

    b.    a Glock 19 Gen 4 9mm, bearing serial number BBSK784;

    c.    a Zastava Serbia M70 Ak47, bearing serial number N-PAP02251;

    d.    a Glock 22 .4, bearing serial number MSC744; and

    e.    a Gold Smith & Wesson M&P 9 Shield 9mm, bearing serial number JEX3294.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT TWENTY-SEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about April 22, 2026, in the State and Eastern District of Wisconsin,

**JEANETTE LOPEZ and
OTIS LOCKETT**

knowingly possessed a machinegun in furtherance of the drug trafficking offenses charged in

Counts Twenty-Three and Twenty-Four of this Indictment.

In violation of Title 18, United States Code, Sections 924(c)(1)(B)(ii) and 2(a).

## COUNT TWENTY-EIGHT

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      Between at least in or about June 2025 and continuing through in or about April 2026, in the State and Eastern District of Wisconsin,

**SAMUEL P. STAIR and**
**JEANETTE LOPEZ**

managed and controlled a place, the real property located at XX20 South 60th Street, West Allis, Wisconsin, as the owner, lessee, employee, occupant, and mortgagee.

2.      The defendants knowingly and intentionally rented, leased, profited from, and made the place available for use, with or without compensation, for the purpose of unlawfully storing, using, and distributing a controlled substance.

All in violation of Title 21, United States Code, Section 856(a)(2) and Title 18, United States Code, Section 2(a).

## COUNT TWENTY-NINE

**THE GRAND JURY FURTHER CHARGES THAT:**

Between at least in or about June 2025 and continuing through in or about April 2026, in the State and Eastern District of Wisconsin,

### MARTIN L. SINCLAIR

did unlawfully and knowingly use and maintain a place located at XX22 South 60th Street, West Allis, Wisconsin, for the purpose of distributing and using a controlled substance.

In violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2(a).

<u>**COUNT THIRTY**</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      Beginning at least in or about June 2025 and continuing until in or about April 2026, in the State and Eastern District of Wisconsin and elsewhere,

**SAMUEL P. STAIR,**
**JEANETTE LOPEZ,**
**MARTIN L. SINCLAIR,**
**SER JIMMY L. SHEPHERD,**
**LARRY A. SHEPHERD, and**
**SHAEERAH J. MCKAY**

knowingly and intentionally conspired with each other and others, known and unknown to the Grand Jury, to possess with the intent to distribute and to distribute a mixture and substance containing cocaine, a Schedule II controlled substance; and a mixture and substance containing N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] (fentanyl), a Schedule II controlled substance.

2.      With respect to defendant Samuel P. Stair and Jeanette Lopez, the controlled substances involved in the conspiracy attributable to the defendant as a result of his or her own conduct, and the conduct of other conspirators reasonably foreseeable to him or her, includes a mixture and substance containing cocaine, a Schedule II controlled substance; and a mixture and substance containing cocaine base, a Schedule II controlled substance and a mixture or substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] (fentanyl), a schedule II controlled substance.

3.      With respect to defendant Shaeerah J. McKay, the amount of controlled substances involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her, includes 500 grams or more of a mixture and substance containing cocaine, a Schedule II controlled substance; and 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-

piperidinyl ] (fentanyl), a schedule II controlled substance.

4.     With respect to defendants Martin L. Sinclair, Ser Jimmy L. Shepherd, and Larry A. Shepherd, the amount of controlled substances involved in the conspiracy attributable to each defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, includes 500 grams or more of a mixture and substance containing cocaine, a Schedule II controlled substance, and 400 grams of a mixture or substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] (fentanyl), a schedule II controlled substance.

5.     Before committing the offense charged in this count, Larry A. Shepherd had two final convictions for serious drug felonies, namely Possession with Intent – Cocaine (second or subsequent) under Wisconsin Statute Sections 961.41(1m)(cm)3 and 961.48(1)(a) in Milwaukee County case 2011CF002388, for which he served more than 12 months' imprisonment, and Possess with Intent-Cocaine under Wisconsin Statute Sections 961.41(1m)(cm)4 in Milwaukee County Case 2022CF000701, for which he served more than 12 months' imprisonment. Shepherd's release from the terms of imprisonment for both prior offenses was within 15 years of the commencement of the instant offense.

All in violation of Title 21, United States Code, Sections 846, 841(b)(1)(A), 841(b)(1)(B), and 841(b)(1)(C), and Title 18, United States Code, Section 2(a).

**COUNT THIRTY-ONE**

**THE GRAND JURY FURTHER CHARGES THAT:**

1. On or about May 30, 2024, in the State and Eastern District of Wisconsin,

**MARTIN L. SINCLAIR,**

knowing he previously had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm which, prior to his possession of it, had been transported in interstate commerce, the possession of which was therefore in and affecting commerce.

2. The firearm is more fully described as a Taurus G3C handgun, bearing serial number ACJ313726.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT THIRTY-TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

1. On or about March 16, 2026, in the State and Eastern District of Wisconsin,

**SER JIMMY L. SHEPHERD,
LARRY A. SHEPHERD, and
SHAEERAH J. MCKAY**

knowingly and intentionally possessed with intent to distribute 40 grams or more of a mixture and substance containing an N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule I controlled substance; and 500 grams or more of a mixture and substance containing cocaine, a Schedule II controlled substance.

2. Before committing the offense charged in this count, Larry A. Shepherd had two final convictions for serious drug felonies, namely Possession with Intent – Cocaine (second or subsequent) under Wisconsin Statute Sections 961.41(1m)(cm)3 and 961.48(1)(a) in Milwaukee County case 2011CF002388, for which he served more than 12 months' imprisonment, and Possess with Intent-Cocaine under Wisconsin Statute Sections 961.41(1m)(cm)4 in Milwaukee County Case 2022CF000701, for which he served more than 12 months' imprisonment. Shepherd's release from the terms of imprisonment for both prior offenses was within 15 years of the commencement of the instant offense.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2(a).

## COUNT THIRTY-THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      Between at least in or about May 2024 and in or about April 2026, in the State and Eastern District of Wisconsin,

**SAMUEL P. STAIR,
JEANETTE LOPEZ, and
RUSSELL V. MCDADE, SR., a.k.a., "Ro"**

did knowingly conspire with each other and with other persons, known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, namely:

a.      to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, conspiracy to maintain a drug house, in violation of Title 21, United States Code, Section 846 and 856, and conspiracy to possess with the intent to distribute controlled substances, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## <u>COUNTS THIRTY-FOUR AND THIRTY-FIVE</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

1. On or about the dates listed below, in the State and Eastern District of Wisconsin,

**SAMUEL P. STAIR**

knowingly conducted and attempted to conduct each of the financial transactions specified

below.

2. Each transaction occurred through a financial institution and occurred in and

affected interstate commerce.

3. Each transaction involved proceeds of a specified unlawful activity, that is,

conspiracy to maintain a drug house in violation of Title 21, United States Code, Sections 846

and 856 and conspiracy to distribute controlled substances, in violation of Title 21, United States

Code, Sections 846 and 841(a)(1) as described herein.

4. While conducting each of the financial transactions, Stair knew that the property

involved in the financial transactions represented the proceeds of some form of unlawful activity.

5. While conducting each of the financial transactions, Stair knew that the financial

transactions were designed in whole and in part to conceal and disguise the nature, location,

source, ownership, and control of the proceeds of specified unlawful activity.

| Count | Date | Description |
|---|---|---|
| Thirty-Four | July 9, 2025 | Depositing $830 in cash obtained from Russel V. McDade, Sr. on July 8, 2025, for use of the property at xx12 S. 21st into Tri-City Account ending in x2329. |
| Thirty-Five | September 8-9, 2025 | Transferring $70,482.50 of combined payments from tenants into Charles Schwab Account ending in x0260. |

Each in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2(a).

## GRAND JURY'S FORFEITURE FINDINGS

**THE GRAND JURY FURTHER FINDS** probable cause to believe that:

1. Upon conviction of the controlled substance offenses alleged in Counts One through Three, Counts Five through Eight, Counts Ten through Thirteen, Count Sixteen, Counts Eighteen and Nineteen, Counts Twenty-One through Twenty-Four, Court Twenty-Eight through Thirty, and Count Thirty-Two, the defendants shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, all right, title, and interest in the following property, all of which were used, and intended to be used, in whole and in part, to commit, and to facilitate the commission of, that violation:

   a. All right, title, and interest in the LLCs listed below, including any membership or ownership interest therein, together with any and all rights to the assets, property, income, or proceeds of the LLC.

   i. S2 Real Estate Group I LLC;

   ii. S2 Real Estate Group 2, LLC;

   iii. S2 Real Estate Group 3 LLC;

   iv. S2 Real Estate Group 4 LLC;

   v. S2 Real Estate Group 5, LLC;

   vi. S2 Real Estate Group 6, LLC;

   vii. S2 Real Estate Group 7, LLC;

   viii. S2 Real Estate Group 8, LLC;

   ix. S2 Real Estate Group 9 LLC;

   x. 9330 W Lincoln S2 LLC;

   xi. S2 Real Estate 10101 W Capitol LLC;

   xii. S2 Real Estate 1700 Lincoln LLC;

xiii.   S2 Real Estate 1957 S Congo, LLC;

xiv.   S2 Real Estate 2033 S 17th LLC;

xv.   S2 Real Estate 2126 S 17th, LLC;

xvi.   S2 Real Estate 2319 2327 Michigan, LLC;

xvii.   S2 Real Estate 2509 W Becher LLC;

xviii.   S2 Real Estate 2612-20 W Greenfield LLC;

xix.   S2 Real Estate 2903-5 W Pierce, LLC;

xx.   S2 Real Estate 4631 Sonseeahray, LLC;

xxi.   S2 Real Estate 5916 W Burnham LLC;

xxii.   S2 Real Estate 605 N 30th, LLC;

xxiii.   S2 Real Estate 729 21st, LLC;

xxiv.   S2 Real Estate 7505 W Bradley LLC;

xxv.   S2 Real Estate 7601 W Becher LLC;

xxvi.   S2 Real Estate Group 2323 S 5th, LLC;

xxvii.   S2 Real Estate 2333 2345 S 9th Place, LLC;

xxviii.   S2 Real Estate Group 829 S 19th, LLC;

xxix.   S2M2 Real Estate 2804 W Kilbourn, LLC;

xxx.   HMS2 Real Estate LLC;

xxxi.   S2 1613 Bolivar, LLC;

xxxii.   S2 Real Estate 9730 LLC,

xxxiii.   S2 Real Estate 1206-8 S 5th Pl LLC,

xxxiv.   S2 Real Estate 1517 S 23RD LLC;

xxxv.   S2 Real Estate 1630 S 32ED, LLC;

xxxvi. S2 Real Estate 1815 1733 LLC;

xxxvii. S2 Real Estate 2224 LLC;

xxxviii. S2 Real Estate 2925 Lincoln, LLC;

xxxix. S2 Real Estate 6900 W Lincoln LLC;

xl. S2 Real Estate Group 1836, LLC;

xli. S2 Real Estate Group 251927 LLC;

xlii. S2 Real Estate, LLC; and

xliii. S2 Real Estate Group Partners LLC

2. Upon conviction of any of the money laundering offenses in violation of Title 18, United States Code, Section 1956(h) and 1956(a), as set forth in Counts Thirty-Three through Thirty-Five, defendants shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), all right, title, and interest in the following property, all of which were involved in and were used, and intended to be used, in whole and in part, to commit, and to facilitate the commission of, that violation:

i. S2 Real Estate Group I LLC;

ii. S2 Real Estate Group 2, LLC;

iii. S2 Real Estate Group 3 LLC;

iv. S2 Real Estate Group 4 LLC;

v. S2 Real Estate Group 5, LLC;

vi. S2 Real Estate Group 6, LLC;

vii. S2 Real Estate Group 7, LLC;

viii. S2 Real Estate Group 8, LLC;

ix. S2 Real Estate Group 9 LLC;

  x. 9330 W Lincoln S2 LLC;

  xi. S2 Real Estate 10101 W Capitol LLC;

  xii. S2 Real Estate 1700 Lincoln LLC;

  xiii. S2 Real Estate 1957 S Congo, LLC;

  xiv. S2 Real Estate 2033 S 17th LLC;

  xv. S2 Real Estate 2126 S 17th, LLC;

  xvi. S2 Real Estate 2319 2327 Michigan, LLC;

  xvii. S2 Real Estate 2509 W Becher LLC;

  xviii. S2 Real Estate 2612-20 W Greenfield LLC;

  xix. S2 Real Estate 2903-5 W Pierce, LLC;

  xx. S2 Real Estate 4631 Sonseeahray, LLC;

  xxi. S2 Real Estate 5916 W Burnham LLC;

  xxii. S2 Real Estate 605 N 30th, LLC;

  xxiii. S2 Real Estate 729 21st, LLC;

  xxiv. S2 Real Estate 7505 W Bradley LLC;

  xxv. S2 Real Estate 7601 W Becher LLC;

  xxvi. S2 Real Estate Group 2323 S 5th, LLC;

  xxvii. S2 Real Estate 2333 2345 S 9th Place, LLC;

  xxviii. S2 Real Estate Group 829 S 19th, LLC;

  xxix. S2M2 Real Estate 2804 W Kilbourn, LLC;

  xxx. HMS2 Real Estate LLC;

  xxxi. S2 1613 Bolivar, LLC;

  xxxii. S2 Real Estate 9730 LLC,

xxxiii.  S2 Real Estate 1206-8 S 5th Pl LLC,

xxxiv.  S2 Real Estate 1517 S 23RD LLC;

xxxv.  S2 Real Estate 1630 S 32ED, LLC;

xxxvi.  S2 Real Estate 1815 1733 LLC;

xxxvii.  S2 Real Estate 2224 LLC;

xxxviii.  S2 Real Estate 2925 Lincoln, LLC;

xxxix.  S2 Real Estate 6900 W Lincoln LLC;

xl.  S2 Real Estate Group 1836, LLC;

xli.  S2 Real Estate Group 251927 LLC;

xlii.  S2 Real Estate, LLC; and

xliii.  S2 Real Estate Group Partners LLC

## **FORFEITURE NOTICE**

1.     Upon conviction of the controlled substance offenses alleged in Counts One through Three, Counts Five through Eight, Counts Ten through Thirteen, Count Sixteen, Counts Eighteen and Nineteen, Counts Twenty-One through Twenty-Four, Court Twenty-Eight through Thirty, and Count Thirty-Two, the defendants shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violation and any property involved in, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses. The properties subject to forfeiture include, but are not limited to:

   a. The property items listed in paragraph 1 of the grand jury's forfeiture findings;
   b. all funds on deposit in TriCity Bank Account ending in xx8215, held under S2 Real Estate Group 2 LLC;
   c. a Black 2017 Jaguar F-Pace 35T R-Sport, bearing VIN SADCL2BVXHA088669;
   d. a Red 2015 Jaguar XF, bearing VIN SAJWJ0FFXF8U72785, and license plate WI: BAF-5500;
   e. a 2018 White Tesla Model X, bearing Wisconsin license #AEB-6163, and VIN #5YJXCDE28JF127332
   f. 11512 W Woodside Dr, Hales Corner, Wisconsin, 53130;
   g. 2925 W Lincoln Ave, Milwaukee, WI 53215;
   h. 1425 W Greenfield Ave, Milwaukee, WI 53204;
   i. 1512 S 21st St, Milwaukee, WI, 53204;
   j. 1016 - 1022 S 60th St, West Allis, WI 53214;
   k. 2319 W Michigan St, Milwaukee, WI 53233;
   l. $204,938.00, located at 11512 W Woodside Dr, Hales Corner, WI, 53130, on April 22, 2026;
   m. four gold bars (value still being determined), located at11512 W Woodside Dr, Hales Corner, WI, 53130, on April 22, 2026;
   n. $1,704.00, located at XX02A North 12th St., Milwaukee, WI 53206, on April 22, 2026;
   o. $2,377.00, located XX47 W Jackson Park Dr., Milwaukee, WI 53219, on April 22, 2026;
   p. $33,529.00, located at 333 N 36th St., Milwaukee, WI 53208, on April 22, 2026;
   q. $28,305.00, located at XX01 N 107th St., Milwaukee, WI 53224, on April 22, 2026; and
   r. $524,938.76 in a securities account seized from Charles Schwab Account ending in xx8151 on April 22, 2026.

2. Upon conviction of any offense in violation of Title 18, United States Code, Sections 922(g) and 924(c) as set forth in Counts Four, Nine, Fourteen, Fifteen, Seventeen, Twenty, Twenty-Five, Twenty-Six, Twenty-Seven, and Thirty-One, the defendants shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the offenses of conviction. The properties subject to forfeiture include, but are not limited to:

a. a Taurus G2C 9mm, bearing serial number ABM222418, recovered on April 22, 2026;

b. a Smith and Wesson M&P 9mm Shield EZ, bearing serial number RHN5292, recovered on April 22, 2026;

c. a Palmetto Dagger Compact 9mm semi-automatic handgun, bearing serial number FG013185, recovered on October 14, 2025;

d. a Phoenix Arms "Raven", .25 caliber semi-automatic handgun, bearing serial number 3101404, recovered on October 14, 2025;

e. a Taurus G3C handgun, bearing serial number ACJ313726, recovered on May 30, 2024;

f. a Ruger LCPMax 380 semi-automatic handgun, bearing serial number R75-508058, recovered on September 23, 2025;

g. a black para 1911 9mm semi-automatic handgun, bearing serial number K058790, seized on September 23, 2025;

h. a Kimber stainless Target II Serial, bearing serial number K255998, recovered on April 22, 2026;

i. a Walther Q5 Match semi-automatic handgun, bearing serial number FDV5064, recovered on April 22, 2026;

j. a Black Glock 19 9mm Gen 5 pistol, bearing serial number CCKB551, recovered on April 22, 2026;

k. a Black Glock 19 Gen 4 9mm pistol, bearing serial number BBSK784, recovered on April 22, 2026;

l. a Black Glock 19 Gen 4 9mm pistol, bearing serial number BKVL188, recovered on April 22, 2026;

m. a Zastava Serbia M70 AK47 rifle, bearing serial number N-PAP02251, recovered on April 22, 2026;

n. a Landor Arms BPX 902 Gen 3 12-gauge semi-automatic shotgun, bearing serial number BPX09078, recovered on April 22, 2026;

o. a Black Glock 22 .40 pistol w/switch, bearing serial number MSC744, recovered on April 22, 2026;

p. a Black Glock 19 Gen 4 9mm pistol, bearing serial number BKVL188, recovered on April 22, 2026;

q. a Canik TP9 SF Serial 9mm pistol, bearing serial number T6472-22 AT 18353, recovered on April 22, 2026;

r.  a Ruger 38 Special revolver, bearing serial number 1540-38299, recovered on April 22, 2026;

s.  a Glock 19 pistol, bearing serial # UBH165, recovered on April 22, 2026;

t.  a Black Raven MP-25 Semi Auto handgun, bearing serial number 1567038, recovered on April 22, 2026;

u.  a Black Intratec 9mm semi auto handgun, bearing serial number A041253, seized April 22nd, 2026; and

v.  a Black Ruger 9mm semi-auto handgun, bearing serial number 45444029, seized April 22nd, 2026.

3.  Upon conviction of any of the money laundering offenses in violation of Title 18, United States Code, Section 1956(h) and 1956(a), as set forth in Counts Thirty-Three through Thirty-Five, defendants shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property, including, but not limited to a sum of money equal to the value of the property involved in the offense. The property to be forfeited includes, but is not limited to, a sum of money equal to the proceeds of the offense as well as the following:

a.  The property items listed in paragraph 2 of the grand jury's forfeiture findings;

b.  all funds on deposit in TriCity Bank Account ending in xx8215, held under S2 Real Estate Group 2 LLC;

c.  11512 W Woodside Dr, Hales Corner, Wisconsin, 53130;

d.  2925 W Lincoln Ave, Milwaukee, WI 53215;

e.  1425 W Greenfield Ave, Milwaukee, WI 53204;

f.  1512 S 21st St, Milwaukee, WI 53204;

g.  1016 - 1022 S 60th St, West Allis, WI 53214;

h.  2319 W Michigan St, Milwaukee, WI 53233;

i.  $204,938.00, located at 11512 W Woodside Dr, Hales Corner, Wisconsin, 53130, on April 22, 2026;

j.  four gold bars (value still being determined), located at 11512 W Woodside Dr, Hales Corner, Wisconsin, 53130, on April 22, 2026; and

k.  $524,938.76 in a securities account seized from Charles Schwab Account ending in xx8151 on April 22, 2026.

4.  If any of the property described above, as a result of any act or omission by a defendant cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been

substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, pursuant to 21 U.S.C. § 853(p). Such property shall include, but not be limited to the following:

a. 1517 S 23rd St, Milwaukee, WI 53204;
b. 2900 S 9th Pl, Milwaukee, WI 53215;
c. 1208 S 15th Pl, Milwaukee, WI 53204;
d. 1320 S 22nd St, Milwaukee, WI 53204;
e. 508 W Maple St, Milwaukee, WI 53204;
f. 729 S 21st St, Milwaukee, WI 53204;
g. 2229 S 10th Pl, Milwaukee, WI 53215;
h. 1412 W Greenfield Ave, Milwaukee, WI 53204;
i. 829 S 19th St, Milwaukee, WI 53204;
j. 1130 W Washington St, Milwaukee, WI 53204;
k. 2237 S Muskego Ave, Milwaukee, WI 53215;
l. 4635 S 23rd St, Milwaukee, WI 53221;
m. 1836 W Becher St, Milwaukee, WI 53204;
n. 2224 S 16th St, Milwaukee, WI 53215;
o. 816 W Greenfield Ave, Milwaukee, WI 53204;
p. 1027 S 26th St, Milwaukee, WI 53204; and
q. 2327 W Michigan St, Milwaukee, WI 53233.

FOREPERSON

Date: 5/5/26

KATHERINE M. HALOPKA-IVERY
JULIE F. STEWART
Assistant United States Attorneys