**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

UNITED STATES OF AMERICA,

      Plaintiff,

v.

          Case No. 26-CR-094

SAMUEL STAIR,

      Defendant.

---

**DEFENDANT SAMUEL STAIR'S MOTION FOR REVOCATION OF MAGISTRATE
JUDGE'S DETENTION ORDER PURSUANT TO 18 U.S.C. § 3145(B)
(EXPEDITED TREATMENT REQUESTED) (ORAL ARGUMENT REQUESTED)**

---

COMES NOW, Samuel Stair, by and through counsel Daniel M. Adams, moves this Court under 18 U.S.C. § 3145(b) to revoke the magistrate judge's detention order entered on April 27, 2026 and to order release on appropriate conditions pursuant to 18 U.S.C. § 3142.

### I. Introduction

This is an appeal of a pretrial detention order. The magistrate judge detained Mr. Stair on the grounds that (a) the weight of the evidence is strong and (b) he is subject to a lengthy term of incarceration if convicted. The court acknowledged the case arose under a rebuttable presumption of detention but found detention appropriate even after recognizing the presumption had been overcome. ECF No. 77 at 2-3. The order was contrary to the recommendation of the bond study prepared by pretrial services. ECF No. 70.

The detention order should be revoked. The statutory factors under 18 U.S.C. § 3142(g) favor release on conditions. The weight of the evidence is the least important factor, and the prospect of a lengthy sentence is not, standing alone, a valid ground to detain where concrete, feasible conditions can reasonably assure appearance and community safety. Here, the presumption of detention was overcome; the government did not meet its burden to prove that no combination of conditions will

1

reasonably assure safety of any other person and the community; and specific, stringent conditions will mitigate any articulated risks.

## II. Procedural Background

Mr. Stair was arrested on April 22, 2026, and made his initial appearance on the same date. At his detention hearing, the government moved for detention under 18 U.S.C. § 3142(f). A detention hearing was held on April 27, 2026, after which the magistrate judge issued a detention order – finding that by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. The detention order is based on the purported strength of the evidence and the possibility of a lengthy custodial sentence upon conviction.

Mr. Stair timely files this motion to revoke under 18 U.S.C. § 3145(b). This Court reviews the magistrate judge's detention order de novo and may consider the record and any additional proffers or evidence.

## III. Legal Standard

Pretrial detention is "the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). The Bail Reform Act mandates release under the least restrictive conditions that will reasonably assure appearance and safety of any other person and the community. The government bears the burden to show risk of flight by a preponderance of the evidence and danger to the community by clear and convincing evidence, and also to show that no combination of conditions can reasonably mitigate those risks.

In a presumption case, the presumption is rebutted when the defendant produces some evidence that he is neither a danger nor a flight risk; once rebutted, the presumption remains a factor but does not shift the government's ultimate burden. The court must then evaluate the § 3142(g) factors on the full record and impose the least restrictive combination of conditions that will reasonably assure appearance and safety.

**IV. The Presumption Was Overcome and the Remaining Evidence and Arguments Cannot Sustain Detention**

The magistrate judge expressly recognized that the rebuttable presumption was overcome on the record presented. Having been rebutted, the presumption could not serve as a substitute for proof that no combination of conditions would suffice. The order nevertheless defaulted to detention without identifying why robust conditions—including highly restrictive supervision measures—would be inadequate in this case.

Mr. Stair presented substantial rebuttal evidence: stable and long-standing residence in this District (and lifelong residence in Wisconsin), continuous employment, strong family ties, and a minimal and dated criminal history (one incident as an 18-year-old) with no history of failures to appear. This record rebuts the presumption and supports release on conditions.

**V. The "Weight of the Evidence" Is the Least Important Factor and Does Not Justify Detention.**

The magistrate judge's reliance on the "strong weight of the evidence" was misplaced. The weight factor is the least important because it bears on the likelihood of conviction, not on prospective risk. The government's proffered case is yet to be subjected to any challenges.

The principal reason courts treat the weight of the evidence as the least important detention factor is that a pretrial detention hearing is categorically not an adjudication of guilt. The Ninth Circuit articulated the foundational principle in *United States v. Motamedi*, 767 F.2d 1403 (9th Cir. 1985), a decision widely adopted by courts across the country and cited by the Eastern District of Wisconsin. The *Motamedi* court explained: "Although the statute permits the court to consider the nature of the offense and the evidence of guilt, the statute neither requires nor permits a pretrial determination that the person is guilty." The court stated directly: "the weight of the evidence is the least important of the various factors." *Id.* at 1408.

The practical concern animating this rule is that if a court impermissibly uses the weight of evidence to make a preliminary determination of guilt, "the refusal to grant release could become in substance a matter of punishment." *Id.*

This would convert pretrial detention — which is a regulatory, not punitive, measure — into something constitutionally impermissible. *Motamedi* further clarified that the offense and evidence of guilt "may be considered only in terms of the likelihood that the person will fail to appear or will pose a danger to any person or to the community." *Id.*

The Eastern District of Wisconsin adopted this reasoning explicitly. In *United States v. Hammond*, 204 F. Supp. 2d 1157, 1165 (E.D. Wis. 2002), the court addressed a government argument that "the evidence of guilt is strong regarding all defendants in the case." The court quoted *Motamedi* through an intermediate citation, calling the strength of the evidence "the least important of the various factors" and further observed that "detention hearings are not to be mini-trials." *Id.* The court declined to render predictions about trial outcomes and instead focused on the remaining factors. The *Hammond* court also relied upon *United States v. Patriarca*, 948 F.2d 789, 791-92 (1st Cir.1991) (affirming order of release despite defendant's status as Mafia boss when no specific evidence of his dangerousness was presented).

The Seventh Circuit addressed the precise function of the weight-of-evidence factor in *United States v. Dominguez*, 783 F.2d 702 (7th Cir. 1986). The court held that a defendant cannot rebut the government's showing of probable cause to believe he is guilty of the crimes charged. That showing is not really at issue once the presumptions in § 3142(e) have been properly triggered; "evidence probative of guilt is admitted at a detention hearing only to support or challenge the weight of the government's case against the defendant. This is only one of the factors relevant to detention." *Id.* at 706. The court went on to note that, "To rebut this presumption they need not necessarily show that they are not guilty of the charged crimes in the first place. They could also show that the specific nature of the crimes charged, or that something about their individual circumstances, suggests that 'what is true in general is not true in the particular case.'" *Id.* at 707.

This passage from *Dominguez* is critical for two reasons. First, it distinguishes between two wholly different inquiries: (1) whether the defendant likely committed the charged offense (a question for trial), and (2) whether the weight of the evidence against the defendant is a relevant factor in a risk assessment (the detention question). Second, it confines the weight-of-evidence factor to its proper role — an input into the risk assessment, not a judgment on guilt.

The magistrate judge's order explicitly noted the presumption was overcome but neither the written detention order nor the oral pronouncement explicitly delineated why in Mr. Stair's individual case he poses a danger in a manner that cannot be overcome by restrictive conditions of release. The magistrate judge in this case failed to apply a nuanced approach to how the weight-of-evidence factor is actually deployed. Had the Court applied the law to the facts regarding Mr. Stair, it would not have found that the Government proved by clear and convincing evidence that Mr. Stair was a risk of danger to the community.

## VI. A Potentially Lengthy Sentence Does Not Establish Unmanageable Risk

The possibility of a lengthy custodial sentence, if convicted, is the second and final ground upon which the magistrate judge detained Mr. Stair. That factor is not an independent ground for detention. It is at most a proxy for incentive to flee and cannot substitute for evidence of actual, unmitigable risk of danger. That is particularly relevant as the detention order in this case explicitly **did not find** that Mr. Stair's release poses serious danger to any person or the community. ECF No. 77 at 3.

Here, objective indicators refute any such risk: Mr. Stair has deep roots in the community, negligeable criminal history, does not possess any weapons, was cooperative with law enforcement, and is amenable to any condition of release. Courts regularly release defendants facing substantial exposure where individualized conditions can reasonably assure appearance. Any potential danger is neutralized by stringent conditions, including travel restrictions to the Eastern District of Wisconsin, surrender of his passport, GPS monitoring, and home detention. With these conditions, the government cannot carry its burden to show that no combination of conditions will suffice to mitigate any potential danger to the community.

## VII. Proposed Conditions That Reasonably Assure Appearance and Community Safety

Mr. Stair proposes the following least-restrictive combination of conditions, tailored to address the concerns identified at the detention hearing:

(a) Home detention enforced by GPS location monitoring, with leave only for verified employment, legal, medical, religious, and court-approved activities;

(b) No contact with any alleged "drug associated premises" or the tenants of said properties as listed in the government's complaint, outside of any legal obligation to do so;

(c) Travel restricted to the Eastern District of Wisconsin; surrender of passport and prohibition on new travel documents;

(d) Supervision by U.S. Pretrial Services with reporting as directed, curfew, and unannounced home/work visits;

(e) No contact with alleged victims, witnesses, or co-defendants except through counsel; no use of encrypted or ephemeral messaging; device monitoring/search upon reasonable suspicion by Pretrial Services;

(f) Prohibition on possession of firearms, destructive devices, or dangerous weapons; removal of any such items from the residence prior to release;

These conditions directly mitigate any potential danger identified by the magistrate judge and satisfy the Bail Reform Act's command to impose the least restrictive conditions that will reasonably assure appearance and community safety.

**VIII. Conclusion**

Because the presumption was overcome, the weight of the evidence is the least important factor, the prospect of a lengthy sentence does not, by itself, justify detention, and concrete conditions can reasonably assure appearance and safety, the detention order should be revoked.

DATED this 6th day of May, 2026

Respectfully submitted,

/s/ Daniel M. Adams
Daniel M. Adams, SBN 1067564
Attorney for Defendant Samuel Stair
Adams Law Group LLC
1200 East Capitol Drive, Suite 360
Milwaukee, Wisconsin 53211