# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WISCONSIN

### MINUTES AND ORDER

**UNITED STATES OF AMERICA**

v.

**DETENTION HEARING**

**SAMUEL STAIR**

Case No. 26-cr-0094-bhl-1

HONORABLE BRETT H. LUDWIG, presiding
Proceeding Held: May 20, 2026
Deputy Clerk: Julie D.

Time Called: 10:07 a.m.
Time Concluded: 11:40 a.m.
Tape: T. Malkiewicz

**<u>Appearances</u>:**

UNITED STATES OF AMERICA by:        Katherine M. Halopka-Ivery & Julie Stewart

SAMUEL STAIR in person and by:        Daniel M. Adams

U.S. PROBATION OFFICE by:        Jennifer L. Cravatta

This hearing was held pursuant to the defendant's motion for a *de novo* review of the magistrate judge's order of detention pursuant to 18 U.S.C. §3145(b). (ECF No. 104.) The Court summarized the procedural history of the case. The parties did not provide any corrections or updates to the Court's summary.

The Court conducted a hearing to review the magistrate judge's order detaining the defendant pending trial. (ECF No. 77.) The Court confirmed that the parties intended to proceed by proffer and argument rather than witness testimony. The parties confirmed that there is a presumption for detention under 18 U.S.C. §3142(e)(3)(A). The government conceded that the defendant has likely rebutted the presumption. The Court noted that even if the presumption was rebutted, it remains in the case as an evidentiary finding militating against release. The government confirmed that it bears the ultimate burden of persuasion and must prove dangerousness by clear and convincing evidence. The government conceded that the defendant is not a flight risk.

The Court asked the parties to focus on the fundamental underlying issue: whether there are any conditions of release that will reasonably assure the safety of the community, taking into account the seriousness of charges, strength of evidence against the defendant, the defendant's personal history and characteristics, and the potential danger to the community posed by his release.

The parties presented oral argument. The government contends that the defendant knowingly rented his properties to drug traffickers, directed the operations of at least three drug trafficking organizations, and profited from those DTOs. It argued that no condition or combination of conditions will deter the defendant from continuing his drug trafficking and that the defendant has been able to go undetected by law enforcement until now under the guise of being a legitimate real estate owner. The government contended that the defendant

remained undeterred and continued his illegal conduct despite knowing he was under investigation and provided warnings and tip-offs to his co-conspirators. The government also contended that review of the defendant's jail calls indicates he is attempting to obstruct justice.

Defense counsel reported that the defendant's 1500 rental units are being monitored by Smart Asset Realty, a third party. Defense counsel noted that the defendant is a lifelong resident of Wisconsin, has resided in Hales Corners since 2003, married, and a college graduate. Defense counsel argued that there is no evidence that the defendant has committed any crime of violence and the government has failed to meet its burden by clear and convincing evidence that the defendant is a danger to the community if released on bond with conditions. Defense counsel argued for the following conditions: home detention enforced by GPS monitoring, subjecting the defendant's devices and communications to monitoring and search by pretrial services, prohibiting all contact with co-defendants, relinquishing his passport, and any other condition that the Court deems necessary.

The Court agreed to take the matter under advisement and will issue a decision in due course. The government agreed to provide to the Court and defense counsel the recorded phone calls referenced during the hearing. Defense counsel agreed to restrict access to this evidence subject to a protective order that is currently pending before Magistrate Judge Dries.

The hearing adjourned at 11:40 p.m.