UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

Plaintiff,

v. Case No. 26-CR-94

SAMUEL P. STAIR, et al.,

Defendants.

---

**MOTION FOR ORDER ALLOWING UNITED STATES TO MAINTAIN CUSTODY OF SEIZED PROPERTY PURSUANT TO 18 U.S.C. § 983(a)(3)(B)(ii)(II)**

---

The United States of America, by its attorney, Julie F. Stewart, Assistant United States Attorney, hereby moves for an order allowing the government to maintain custody of property already in the government's possession for possible forfeiture in this criminal case. In support of its motion, the United States submits as follows:

1. On or about April 22, 2026, special agents with the Department of Homeland Security, Homeland Security Investigations (HSI) executed a federal search warrant at the residence of defendant Samuel P. Stair in Hales Corners, Wisconsin, and seized a 2018 white Tesla Model X, bearing Wisconsin license plate AEB-6163, and VIN 5YJXCDE28JF127332.

2. On or about May 20, 2026, HSI sent notice, pursuant to 18 U.S.C. § 983(a)(1), of the government's intent to forfeit the above-referenced seized asset in a non-judicial forfeiture proceeding and caused that notice to be published in a newspaper of general circulation.

3. On or about June 5, 2026, Samuel P. Stair filed a claim contesting the administrative forfeiture of the 2018 white Tesla Model X, bearing Wisconsin license plate AEB-6163, and VIN

5YJXCDE28JF127332, seized from the defendant's residence in Hales Corners, Wisconsin, on or about April 22, 2026.

4. Under 18 U.S.C. § 983(a)(3), after the administrative claim is filed, the United States has 90 days within which to: (1) return the asset, (2) commence a civil judicial forfeiture action against the asset, or (3) commence a criminal forfeiture action containing an allegation that the property is subject to forfeiture.

5. The government pursued the third option as to the seized asset in that, on May 5, 2026, the government filed an indictment containing an allegation that the seized asset was subject to forfeiture. That indictment is now pending before this Court.

6. When the government commences a criminal forfeiture action containing an allegation that certain property is subject to forfeiture, and the government has already seized that property by administrative or civil forfeiture process, the government must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute." 18 U.S.C. § 983(a)(3)(B)(ii)(II).

7. The applicable criminal forfeiture statute is 21 U.S.C. § 853. Besides authorizing the issuance of criminal restraining orders and seizure warrants to preserve property for forfeiture, see 21 U.S.C. § 853(e) and (f), that statute also empowers the Court to "take any other action to preserve the availability of the property . . . for forfeiture . . . ." 21 U.S.C. § 853(e)(1).

8. Here, the government represents that it has taken the seized property into custody for the purpose of forfeiture and that it will preserve the seized property for forfeiture until the criminal case, including criminal forfeiture proceedings, is resolved.

9. Where the government makes these express representations regarding property already in its custody, the only type of court order needed to "preserve [the government's] right to

maintain custody of the property," for the purposes of Section 983(a)(3)(B)(ii)(II), is an order providing that the government may continue to maintain custody of the seized assets until the criminal case is concluded. *United States v. Scarmazzo*, 2007 WL 587183, at *3 (E.D. Cal. 2007) (holding that, where the government originally seized property for administrative forfeiture, in order to preserve its right to maintain custody of that property for criminal forfeiture consistent with 18 U.S.C. § 983(a)(3)(B)(ii)(II), the government need obtain only an order under 21 U.S.C. § 853(e) directing the government to continue to maintain custody of the property pending resolution of the criminal case); *United States v. Standridge*, 2007 WL 2572207, at *2 (M.D. Fla. 2007) (same holding); *In Re One 2000 White Mercedes ML320*, 220 F. Supp. 2d 1322, 1325-26 (M.D. Fla. 2001) (same holding).

WHEREFORE, the United States respectfully requests that this Court issue an order, under 21 U.S.C. § 853(e)(1), directing that the United States may maintain custody of the above-referenced seized asset through the conclusion of the pending criminal case and expressly conclude that this order satisfies the custody-preservation requirement of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

Dated at Milwaukee, Wisconsin, this 26th day of August, 2026.

Respectfully submitted,

*s/Julie F. Stewart*
JULIE F. STEWART
Assistant United States Attorney
Illinois Bar Number: 6304085
Attorney for Plaintiff
Office of the United States Attorney
Eastern District of Wisconsin
517 East Wisconsin Avenue, Room 530
Milwaukee, WI 53202
Telephone: (414) 297-1700
Fax: (414) 297-1738
E-Mail: julie.stewart@usdoj.gov